UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| § | |
| DANIEL REAM, Individually and on Behalf of All Others Similarly Situated, § | CIVIL ACTION NO. 3: 15-cv-01679-M |
| § | |
| § | **RICHARD DIAMOND'S** |
| Plaintiff, § | **MEMORANDUM OF LAW IN** |
| § | **SUPPORT OF MOTION TO** |
| v. § | **CONSOLIDATE RELATED ACTIONS,** |
| § | **FOR APPOINTMENT OF LEAD** |
| GLOBAL POWER EQUIPMENT GROUP § | **PLAINTIFF AND APPROVAL OF** |
| INC., LUIS MANUEL RAMIREZ, § | **LEAD PLAINTIFF'S SELECTION OF** |
| RAYMOND K. GUBA, and TERENCE J. § | **COUNSEL** |
| CRYAN § | |
| Defendants. § | CLASS ACTON |
| § | |
| MARGARET BUDDE, Individually and On § | CIVIL ACTION NO. 3:15-cv-02120-B |
| Behalf of All Others Similarly Situated, § | |
| § | CLASS ACTON |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| GLOBAL POWER EQUIPMENT INC., § | |
| RAYMOND K. GRUBA and LUIS MANUEL § | |
| RAMIREZ § | |
| Defendants § | |

## <u>INTRODUCTION</u>

Plaintiff Richard Diamond ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the related actions;

(b)     appointing Movant as Lead Plaintiff for the class of all purchasers of common stock of Global Power Equipment Group, Inc. ("GLPW" or the "Company") between March 9, 2015 and May 6, 2015 (the "Class Period"); and

(c)     approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the class, and the law firm of the Payne Mitchell Law Group LLP as Liaison Counsel for the class.

## BACKGROUND

Defendant GLPW provides custom engineered equipment, and modification and maintenance services in the United States, Canada, Europe, Mexico, Asia, the Middle East, South America, and internationally. Its Product Solutions segment designs, engineers, and manufactures gas turbine auxiliary products and electrical solutions for power generation and cogeneration, oil and gas process, and industrial markets, as well as offers precision parts, replacement parts, filter elements, and aftermarket retrofit equipment to original equipment manufacturers and end users.

On May 13, 2015, The Rosen Law Firm, P.A. filed this securities fraud class action on behalf of all those who purchased or otherwise acquired the securities of GLPW during the Class Period and who suffered damages thereby. The Complaint specifically alleges that, defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's cost of sales in its financial statements for the annual period ended December 31, 2014 were understated; (2) the Company lacked adequate internal controls over its financial reporting; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

The early notice pursuant to the PSLRA was published over the national newswires on May 13, 2015.  *See*, Exhibit 1 to the Appendix filed herewith (the "App."). No other related actions have been filed.

## ARGUMENT

### I.       THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act.  The PSLRA directs courts to consider any

motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

As set forth below, the Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should each be appointed Lead Plaintiff.

### A.      Movant is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Ex. 2.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost over $8,853.49 on his purchases of Company stock.  *See,* App. Ex. 3. Movant is not aware of any other person that has suffered greater losses in GLPW securities during the Class Period.  Accordingly, with total losses of $8,853.49, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is

sufficient.  *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *Id.*, at 437; *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the members of the class.  Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning GLPW business and material information concerning the Company's accounting practices.  Movant, as well as other members of the class, purchased GLPW shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between each of the members of Movant and other class members, as well as the group's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

> **D.** **Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)  will not fairly and adequately protect the interest of the class; or

> (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses defendants could raise against it that would render any of them inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## III.        MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and the Payne Mitchell Law Group LLP as Liaison Counsel. The Rosen Law Firm has been actively researching the class claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm and the Payne Mitchell Law Group are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* App., Exs. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## <u>CONCLUSION</u>

For the foregoing reasons, the Movant respectfully requests the Court issue an Order (a) consolidating related actions (b) appointing Richard Diamond as Lead Plaintiff of the class, (c) approving The Rosen Law Firm P.A. as Lead Counsel and the Payne Mitchell Law Group LLP as Liaison Counsel, and (c) granting such other relief as the Court may deem to be just and proper.

Dated: July 13, 2015                                   Respectfully submitted,

**PAYNE MITCHELL LAW GROUP. LLP**

          /s/ R. Dean Gresham
R. Dean Gresham
Texas Bar No. 24027215
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (214) 252-1888
Facsimile: (214) 252-1889
Email: dean@paynemitchell.com

[Proposed] Liaison Counsel for Plaintiffs and Class

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (pro hac vice to be filed)
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 34th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 13th of July, 2015, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ R. Dean Gresham