**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DANIEL REAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL POWER EQUIPMENT GROUP INC., LUIS MANUEL RAMIREZ, RAYMOND K. GUBA, and TERENCE J. CRYAN,<br><br>Defendants. | Case No. 3:15-cv-01679-M |
| MARGARET BUDDE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL POWER EQUIPMENT, INC., RAYMOND K. GUBA and LUIS MANUEL RAMIREZ,<br><br>Defendants. | Case No. 3:15-cv-02120-B |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**JOHN H. BURKHOLDER FOR CONSOLIDATION OF RELATED CASES,**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff John H. Burkholder ("Burkholder" or "Movant") respectfully submits this memorandum of law in support of his motion for consolidation of related cases, appointment as lead plaintiff and approval of lead counsel on behalf of a putative Class of purchasers of Global Power Equipment, Inc. securities during the Class Period (as defined below).

## SUMMARY

Pursuant to the PSLRA, the Class member who possesses the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Burkholder believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in the above-referenced actions. Moreover, Burkholder satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class Members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Burkholder's selection of Glancy Prongay & Murray LLP as lead counsel and the Briscoe Law Firm LLC as liaison counsel should be approved as this firm has substantial expertise and experience in securities and class action litigation.

## FACTUAL BACKGROUND[1]

This is a securities class action on behalf of a putative Class of purchasers of the securities of Global Power Equipment, Inc. ("Global Power" or the "Company") between March

---

[1] Summary of facts derived from *Ream v. Global Power Equiment, Inc., et al.*, Case No. 3:15-cv-01679-M (filed May 13, 2015).

1

9, 2014 and May 6, 2015, inclusive (the "Class Period"), seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against the Company and certain of its executive officers.

Defendant Global Power is a Texas-based design, engineering and manufacturing firm that provides a broad array of equipment and services to the infrastructure, energy and process industries in developed and emerging economies in and outside the United States.

Throughout the Class Period, Defendants made materially false and misleading statements regarding Global Power's business, operations and prospects and/or failed to disclose the following: 1) Global Power understated the cost of sales in its financial statements for the annual period ended December 31, 2014; 2) Global Power lacked adequate internal controls over its financial reporting; and 3) Global Power's financial statements were materially false and misleading at all relevant times as a result of the foregoing.

On May 6, 2015, after the close of the market, Global Power announced that it must delay filing its Form 10-Q for the first quarter of 2015 and that the Company would restate its financial results for the annual period ending December 31 2014. In addition, the Company withdrew its previously issued guidance for 2015. The reason for the delay were errors identified by the Company's Audit Committee that resulted in, "an understatement of the Company's cost of sales in the quarterly and annual periods ended December 31, 2014." On this news, shares of Global Power declined $4.05 per share, or 33%, to close on May 7, 2015 at $8.19 per share.

## PROCEDURAL BACKGROUND

Plaintiff Daniel Ream ("Ream") commenced the first securities class action against Global Power in this District on May 13, 2014. That same day, counsel for Ream published a

notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants herein and advising investors of Global Power that they had 60 days from the publication of the May 13, 2015 notice to file a motion to be appointed as lead plaintiff. *See* Declaration of Willie C. Briscoe In Support of the Motion of John H. Burkholder For Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Briscoe Decl.") at Exhibit ("Exh.") A. In addition to the *Ream* complaint, on June 23, 2015, a related action was filed in this District by Margaret Budde based on substantially the same events as the *Ream* complaint[2] and naming the same Defendants (collectively, the "Related Cases"). Each of the Related Cases is reflected above in the caption of this document.

## STATEMENT OF ISSUES TO BE DECIDED

1.     **Whether the Above-Captioned Related Cases Should Be Consolidated Pursuant to Federal Rule of Civil Procedure Rule 42(a).**

Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The Related Cases arise from the same facts and circumstances, name the same defendants, and each alleges violations of federal securities laws during overlapping putative class periods. Thus, consolidation of these cases pursuant to Rule 42(a) is appropriate. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

---

[2] Budde's complaint, Case No. 3:15-cv-02120-B, alleges a slightly shorter class period, which begins March 17, 2014 and ends May 6, 2015.

**2.      Whether John H. Burkholder Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i).**

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must determine which of the competing movants is the "most adequate plaintiff" to represent the Class and appoint that plaintiff as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

John H. Burkholder believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff for the Class. Burkholder has suffered substantial financial losses as a result of his transactions in Global Power securities and believes that he has the largest financial interest in the litigation. Burkholder also satisfies the relevant requirements of Federal Rule of Civil Procedure 23(a). His claims are typical of other Class members' claims, and he is willing and able to monitor lead counsel's prosecution of the litigation and ensure vigorous advocacy on behalf of the Class. *See In re Enron Corp. Sec. Litig.,* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

**3.      Whether Burkholder's Selection Of Glancy Prongay & Murray LLP As Lead Counsel Should Be Approved Pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v).**

The PSLRA provides that the most adequate plaintiff shall select and retain counsel to represent the class, subject to the approval of the court. *See Hohenstein v. Behringer Harvard REIT I, Inc.,* No. 3:12-CV-3772-G, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012).

Burkholder's selected counsel has successfully prosecuted numerous securities fraud class actions on behalf of investors and has the requisite skill and knowledge to prosecute this action effectively and expeditiously. As a result of the firm's expertise and experience in litigation involving issues similar to those raised in this action, Burkholder's selection of Glancy Prongay & Murray LLP as lead counsel should be approved.

4

## I.      ARGUMENT

### A.      The Related Cases Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id*.

Each of the Related Cases presents similar factual and legal issues, as they all involve the same subject matter. Each action alleges violations of federal securities laws, the actions name the same defendants, and each of these actions is based on the same wrongful course of conduct during overlapping putative class periods. The claims in the Related Cases share substantial commonalities, involving "overlapping [d]efendants and a common core of facts and legal issues." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). Thus, "consolidation, at least pretrial, serves to promote an orderly progression of this very complex litigation." *Id.* Accordingly, consolidation under Rule 42(a) is appropriate.

### B.      John H. Burkholder Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interests of the class; or

(bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(II).

As set forth below, Burkholder satisfies all of these criteria. Burkholder has complied with all of the PSLRA's requirements to be appointed lead plaintiff, and has, to the best of his knowledge, the largest financial interest in this litigation. In addition, Burkholder meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Burkholder respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.     Burkholder Filed a Timely Motion in Response to a PSLRA Notice

On May 13, 2015, pursuant to 15 U.S.C. §78u-4(a)(3)(A), counsel for Ream published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against

6

Defendants herein and advising purchasers of Global Power securities that they had until July 13, 2015, to file a motion to be appointed as lead plaintiff.

Burkholder files this motion, pursuant to Ream's May 13, 2015 notice, within the 60-day period following publication of the notice and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Briscoe Decl., Exh. B.

By filing a complaint and making a timely motion in response to a published PSLRA notice, Burkholder satisfies the first PSLRA requirement to be lead plaintiff.

### 2.     Burkholder Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). Burkholder believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

During the Class Period, Burkholder purchased Global Power shares at prices artificially inflated by Defendants' alleged false and misleading statements and omissions and, as a result of his transactions, suffered financial losses of approximately $4,009.91. *See* Briscoe Decl., Exh. C. At the time of filing this motion, Burkholder believes that he has the largest financial interest of any plaintiff or lead plaintiff movant. Burkholder thus satisfies the second PSLRA requirement – the largest financial interest in the relief sought by the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.      Burkholder Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### a.      Burkholder's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims and are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.,* 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5TH Cir. 2002).

Burkholder's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Burkholder alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance and prospects of Global Power. Burkholder, like all of the members of the Class, purchased Global Power shares at prices artificially inflated by Defendants' alleged misstatements and omissions, and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

### b.    Burkholder Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and the movant's claims are not antagonistic to other class members' claims. *Id.* Here, Burkholder has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and his significant financial losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. In addition, Burkholder is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

### C.    The Court Should Approve Burkholder's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein,* 2012 WL 6625382, at *3. Burkholder has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel, with

9

The Briscoe Law Firm, PLLC as liaison counsel, in the event Burkholder is appointed lead plaintiff. As reflected by the firm's résumé, Glancy Prongay & Murray LLP possesses extensive experience and expertise in securities litigation, and the firm has the necessary skills and resources to efficiently and effectively prosecute this action. *See* Briscoe Decl., Exh. D. Thus, the Court may be assured that by granting Burkholder's motion, the Class will receive the highest caliber of legal representation.

## II.    CONCLUSION

For the foregoing reasons, Burkholder respectfully asks the Court to grant his motion and enter an Order (1) consolidating the above-captioned cases, (2) appointing John H. Burkholder as lead plaintiff, (3) approving Burkholder's selection of Glancy Prongay & Murray LLP as lead counsel for the Class, with The Briscoe Law Firm, PLLC as liaison counsel, and (4) granting such other relief as the Court may deem just and proper.

Dated: July 13, 2015                          Respectfully submitted,

**THE BRISCOE LAW FIRM, PLLC**

By:   */s/ Willie C. Briscoe*
Willie C. Briscoe
Texas Bar No. 24001788
8150 North Central Expressway, Suite 1575
Dallas, Texas  75206
Telephone:  (214) 239-4568
Facsimile:  (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Proposed Liaison Counsel*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160

*Attorneys for John H. Burkholder*
*and Proposed  Lead Counsel*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed or e-mailed the foregoing document and the notice of electronic filing to all non-CM/ECF participants.

 */s/ Willie C. Briscoe*
Willie C. Briscoe