UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGARET BUDDE, Lead Plaintiff pursuant to 7/29/15 Order, and DANIEL REAM, Individually and On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br>    v.<br><br>GLOBAL POWER EQUIPMENT GROUP, INC., RAYMOND K. GUBA, and LUIS MANUEL RAMIREZ,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:15-cv-1679-M<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

# ORDER

Before the Court is Lead Plaintiff's Motion to Lift the PSLRA's Automatic Discovery Stay for a Limited Purpose [Docket Entry #45]. The Motion is **GRANTED**.

Under the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b)(3)(B), all discovery is automatically stayed in PSLRA actions prior to the Court ruling on any motion to dismiss. Lead Plaintiff has not yet filed a consolidated complaint in this action, and Defendants have not yet moved to dismiss. The PSLRA's automatic stay is therefore in effect. During the stay, Defendants are required to preserve all relevant documents and data within their custody or control. 15 U.S.C. § 78u-4(b)(3)(C)(i). Non-parties are under no such obligation.

Lead Plaintiff Margaret Budde thus seeks an Order lifting the PSLRA's automatic stay for the limited purpose of serving a document preservation subpoena on non-party BDO USA, LLP (BDO), Defendant Global Power Equipment Group's ("Global Power's") former outside

1

auditing firm.  The Court may lift the stay if it "finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  *Id.*  Global Power argues that this standard is not met, because federal law, specifically 17 C.F.R. § 210.2-06, already requires BDO to preserve relevant documents, and a subpoena is therefore not necessary to preserve evidence or prevent undue prejudice [Docket Entry #47].  However, Global Power does not oppose the relief Lead Plaintiff requests.

The requirements of 17 C.F.R. § 210.2-06 are not coextensive with the protection afforded by Lead Plaintiff's proposed subpoena *duces tecum*.  For example, 17 C.F.R. § 210.2-06 applies only to records relevant to an audit or review of financial statements.  Lead Plaintiff's proposed subpoena requires BDO to preserve all documents related to BDO's work on behalf of Global Power.  Further, 17 C.F.R. § 210.2-06 requires that documents relevant to an audit or review be retained for seven years.  Lead Plaintiff's proposed subpoena requires BDO to preserve documents dating back to 2010.  The Court may not rule on a motion to dismiss in this case until after seven years have elapsed since early 2010.  The parties have agreed that Lead Plaintiff will file a consolidated amended complaint after Global Power issues restated financial results.  Under the briefing schedule agreed to by the parties, a motion to dismiss may not be ripe until approximately 200 days later.  On March 30, 2016, Global Power announced that it has retained a new public accounting firm, which is *beginning* the process of auditing Global Power's financial statements, and thus Global Power is unsure when it will issue restated financial results.

In light of the parties' agreement, and based on a finding that a particularized lifting of the stay is necessary to preserve relevant evidence, the Court **GRANTS** Lead Plaintiff's Motion.  The PSLRA's automatic discovery stay is lifted for the limited purpose of allowing Lead

Plaintiff to serve on BDO a document preservation subpoena.

    **SO ORDERED**.

    April 8, 2016.

                                      **BARBARA M. G. LYNN**
                                      **UNITED STATES DISTRICT JUDGE**
                                      **NORTHERN DISTRICT OF TEXAS**